IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., | |
| Plaintiff, | OPINION and ORDER |
| v. | Case No. 20-cv-47-wmc |
| TRUMP/OBAMA ADMINISTRATION, LANCE WATSON, WATSON OSHEILDS, MELVIN WHITLEY and FCC DIRECTOR, | |
| Defendants. | |

---

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., | |
| Plaintiff, | OPINION and ORDER |
| v. | Case No. 20-cv-59-wmc |
| LOCAL #100 SHEET METAL WORKERS, LANCE WATSON, DALE O SHEIDSET, and MELVIN WHITLEY, | |
| Defendants. | |

---

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., | |
| Plaintiff, | OPINION and ORDER |
| v. | Case No. 20-cv-77-wmc |
| HERNICO SHERIFF'S POLICE DEPT., DENVER SHERIFF'S POLICE DEPT., LANCE WATSON, DALE OSHEILDS, and MELVIN WHITLEY, | |
| Defendants. | |

---

*Pro se* plaintiff Clarence Dr. Johnson, Jr., has filed the three proposed civil actions listed above. Because plaintiff is proceeding without prepayment of the filing fee in these

1

cases, the next step would normally be for this court to screen his complaint under 28 U.S.C. § 1915 to determine whether he may proceed. After reviewing the complaints, however, the court is dismissing these complaints without prejudice. If Johnson wishes to proceed with these cases, he will need to file an amended complaint that corrects the deficiencies outlined below.

To start, none of Johnson's complaints satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

All of Johnson's cases are subject to dismissal because it is impossible to decipher the nature of his claims. In the '47 case, Johnson names as defendants the Obama/Trump Administration, Lance Watson, Dale O Sheilds, Melvin Whitley and the FCC Director. Johnson's allegations largely are indecipherable, but he appears to claim that the federal government has been committing various crimes under the guise of prosecuting federal criminal actions. It appears he believes that federal employees engage in kidnapping, excessive force, home invasions and entrapment to carry out investigations and prosecutions. He seems to be seeking investigations into the court system to protect the individuals that have prosecuted through these illegal tactics. In the '59 case, Johnson names a few of the same defendants -- Lance Watson, Dale O Sheilds, and Melvin Whitley

-- and adds Local #100 Sheet Metal workers, all of whom he identifies as residents of Sutherland, Maryland. This complaint references medical, pension, discrimination and entrapment. Finally, in the '77 case, Johnson is pursuing the same types of vague claims against Watson and Whitley, this time adding the Denver and Hernico sheriff's departments as defendants. As best the court can discern, Johnson may be challenging what he believes to be nationwide corruption in the manner in which criminal prosecutions are handled, but that is pure conjecture.

Moreover, it appears this court is not a proper venue for any of these cases. Under the federal venue statute, 28 U.S.C. § 1391, a lawsuit may be filed only in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district that satisfies these first two options, any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the action. Johnson does not allege that any of the defendants are residents of Wisconsin. Although Johnson mentions a "Wisconsin" office in the '47 case, since the court cannot decipher the nature of the claims he is pursuing and Johnson has not actually alleged how any events related to his perceived claims occurred in Wisconsin, it would be unreasonable to infer that a substantial part of the events comprising his claims took place in the Western District of Wisconsin.[1]

---

[1] Given that Johnson is attempting to sue certain individuals in each case who likely reside in the United States, it does not appear that there is *no* district in which he could file his cases. As such, these cases would also be subject to dismissal without prejudice pursuant to 28 U.S.C. § 1406(a).

The court has little reason to believe that Johnson is pursuing claims over which this court may exercise subject matter jurisdiction. Indeed, the court notes that Johnson recently filed several similar lawsuits that were dismissed on similar grounds in (1) the Eastern District of Wisconsin, *Johnson v. Wells Fargo*, No. 19-cv-1892, dkt. #6 (E.D. Wis. Feb. 4, 2020) (dismissed for failure to state a claim and for improper venue), *Johnson v. Ebenezer Baptist Church*, No. 19-cv-1876, dkt. #6 (E.D. Wis. Feb. 4, 2020) (dismissed for failure to state a claim); (2) the Central District of Illinois, *Johnson v. Watson*, No. 19-cv-1408 (C.D. Ill. Feb. 24, 2020) (dismissing for failure to prosecute after failing to file an amended complaint that states a claim upon which relief can be granted); and (3) the Northern District of Illinois, *Johnson v. Obama Trump Administration*, No. 19-cv-7425, dkt. #12 (N.D. Ill. Nov. 22, 2019) (dismissing without prejudice as indecipherable). However, the court will give Johnson a brief window of time in which he may file an amended complaint that establishes that this court is a proper venue for his claims and articulates a claim for relief in this court.

Finally, Johnson has filed motions in his cases that are also indecipherable. ('47 case, dkt. #7; '77 case, dkt. ##4, 7.) The court is denying these motions, since it is unclear what relief he is seeking, much less whether this court has the authority to grant the relief he seeks.

4

ORDER

IT IS ORDERED that:

1. Each of these cases are DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff has until **October 22, 2020,** to file an amended complaint in each of these cases that satisfies the requirements of Federal Rule of Civil Procedure 8. If plaintiff fails to meet this deadline, the court will dismiss this case without prejudice for lack of subject matter jurisdiction.

3. Plaintiff's motions ('47 case, dkt. #4; '77 case, dkt. ##4, 7) are DENIED.

Entered this 8th day of October, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge